UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-0981 KJM KJN P<br><br><br>ORDER |

Plaintiff filed a motion for extension of time to file an amended complaint. Plaintiff seeks a 120 day extension of time based on his belief that he will be released from custody in the near future. Plaintiff states that he will be released based on California's new law governing nonviolent offenders, citing his filing in the Central District of California, where the district court ordered the government to file a response to plaintiff's "motion on Habeas Corpus motion to reopen case" and "request for permission to file new habeas Corpus application" by June 16, 2017. (ECF No. 13 at 2-3.) Plaintiff claims that when he is released from custody, he will seek legal representation that will engage the assistance of a specialist in the field of carcinogenics. (ECF No. 13 at 2.)

Plaintiff is advised that he is required to diligently prosecute the instant action. As set forth in the May 16, 2017 order, it is unclear whether plaintiff can allege facts demonstrating an

Eighth Amendment violation based on his claim that he was forced to undergo TB testing which he alleges caused him skin cancer. In any event, this court will not grant plaintiff an extended period of time based on a possibility that the Central District of California may release petitioner from custody at some point in the future. In the alternative, plaintiff may choose to pursue his malpractice and negligence claims in state court, or may opt to voluntarily dismiss this action and pursue his claims once he is released from prison.[1]

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 13) is partially granted; and

2. Plaintiff is granted sixty days in which to file an amended complaint. Failure to file an amended complaint in accordance with this order will result in the dismissal of this action.

Dated: June 5, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/kly/cw/bowe0981.36

---

[1] Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. However, the new statute of limitations period does not apply retroactively. Maldonado, 370 F.3d at 955. California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.