UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL, | No. 2:17-cv-0981 KJM KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Defendants filed a motion to revoke plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g). As discussed below, the undersigned finds that plaintiff has sustained three strikes under § 1915(g). Because plaintiff fails to plausibly demonstrate he faced imminent danger of serious physical injury at the time he filed his complaint, the undersigned recommends that defendants' motion be granted, plaintiff's in forma pauperis status be revoked, and plaintiff be required to pay the filing fee.

II. Plaintiff's Allegations

On May 1, 2017, plaintiff filed the instant action. On July 13, 2017, plaintiff filed an amended complaint. The court found that the amended complaint states a potentially cognizable claim for relief against defendants Allison and Lewis based on forced TB skin tests in violation of plaintiff's constitutional rights. (ECF No. 17 at 2-4.)

III. Motion to Revoke In Forma Pauperis Status

    A. In Forma Pauperis Statute

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015) (prisoner may also be required to demonstrate imminent danger at the time the notice of appeal is filed); Andrews v. Cervantes, 493 F.3d at 1055.

    B. Three Strikes?

Defendants contend that plaintiff is subject to 28 U.S.C. § 1915(g) because they contend he has sustained at least three § 1915(g) "strikes," which were all entered before plaintiff filed this action on May 1, 2017:

1. Bowell v. Department of Corrections, No. 07-1178 H (AJB) (S.D. Cal.), dismissed as frivolous on August 7, 2008. (ECF No. 28-1 at 44-47.)

2. Bowell v. California Substance Abuse Treatment Facility at Corcoran, No. 1:10-cv-2336 AWI DLB (E.D. Cal.). On February 6, 2012, the district court adopted findings and

recommendations and dismissed plaintiff's action with prejudice for failure to state a claim, adding that such dismissal is subject to the three strikes provision of 28 U.S.C. § 1915(g). (ECF No. 28-1 at 143-44, adopting F&Rs ECF No. 28-1 at 136-41.)

    3. <u>Bowell v. Smith</u>, No. 14-6326 (S. Ct.).[1] On November 10, 2014, the United States Supreme Court denied plaintiff's motion for leave to proceed in forma pauperis, and dismissed plaintiff's petition for writ of certiorari, citing <u>see</u> Rule 39.8. (ECF No. 28-1 at 160.) Rule 39.8 of the United States Supreme Court provides:

> If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ is frivolous or malicious, the Court may deny leave to proceed in forma pauperis.

<u>Id.</u>

On February 27, 2019, plaintiff filed objections to the motion in which he concedes that his case No. 1:10-cv-2336 AWI DLB is a strike under § 1915(g) but claims he has sustained no other strikes under § 1915(g). But plaintiff does not specifically address the other two cases cited by defendants.

In addition to case No. 1:10-cv-2336, plaintiff suffered an additional strike: one for case No. 07-1178 H (AJB) (S.D. Cal.), which was a civil rights action dismissed as frivolous prior to the filing of this action. Both of these cases count as strikes under 28 U.S.C. § 1915(g) because they were dismissed for failure to state a claim upon which relief may be granted or as frivolous, thus meeting the definition of a strike under § 1915(g).

The issue is whether the dismissal of plaintiff's petition for writ of certiorari constitutes a strike under 28 U.S.C. § 1915(g), which would constitute his third strike. Defendants argue that the Supreme Court's citation to Rule 39.8 demonstrates that the dismissal of the writ was "plainly based on a finding of frivolousness or maliciousness" because Rule 39.8 "'applies only to those filings that the Court determines would be denied in any event and permits a disposition of the

---

[1] Plaintiff appealed from the dismissal of his civil rights action filed in <u>Bowell v. Smith</u>, No. 2:12-cv-0603 JAM EFB (E.D. Cal.), which was dismissed for failure to exhaust administrative remedies. (ECF No. 28-1 at 154.) The Ninth Circuit affirmed the decision on August 22, 2014. <u>Bowell v. Smith</u>, No. 13-16530 (9th Cir.). (ECF No. 28-1 at 154-56.) On September 5, 2014, plaintiff filed a petition for writ of certiorari. <u>Bowell v. Smith</u>, No. 14-6326 (S. Ct.).

matter without the Court issuing an order granting leave to proceed in forma pauperis.'" (ECF No. 28 at 6-7, quoting In re Amendment to Rule 39, 500 U.S. 13, 14 (1991).) Defendants claim that the dismissal of plaintiff's petition for writ of certiorari "amounts to 'a disposition on the merits of a petition for certiorari . . .following a finding that the filing 'is frivolous or malicious.'" (ECF No. 28 at 7, quoting In re Amendment to Rule 39, 500 U.S. at 14 (Marshall, dissenting).) Further, defendants contend that the dismissed petition for writ of certiorari was both an "action" and an "appeal" under § 1915(g) because, as defined in Black's Law Dictionary, "action" is broadly defined as "[a] civil or criminal judicial proceeding," "appeal" is defined as a "proceeding undertaken to have a decision reconsidered by a higher authority," and a writ of certiorari is generally used as a discretionary appeal. (ECF No. 28 at 7.)[2] Because the Supreme Court "took the drastic step of dismissing plaintiff's petition as frivolous or malicious under Rule 39.8," defendants contend this court should count such dismissal as a strike under § 1915(g). (ECF No. 28 at 7.) As an example, defendants cite Zatko v. California, 502 U.S. 16, 18 (1991) (invoking Rule 39.8 for the first time to "discourage abusive tactics that actually hinder [the Court] from providing equal access to justice for all").

Despite such arguments, defendants cite no Supreme Court or Ninth Circuit case where the court counted the dismissal of a petition for writ of certiorari as a strike under § 1915(g), and the undersigned has found none. At the time the instant motion was filed, defendants' January 10, 2019 motion to revoke plaintiff's in forma pauperis status was pending in Bowell v. Montoya, No. 1:17-cv-0605 LJO GSA (E.D. Cal.). On April 12, 2019, the assigned magistrate judge found that the dismissal of plaintiff's petition for writ of certiorari constitutes a strike. Id. (ECF No. 39 at 8.) However, in addition to adopting the defendants' evidence in support, the court stated:

---

[2] Defendants also cited cf. UNR Indus., Inc. v. United States, 962 F.2d 1013, 1024 (Fed. Cir. 1992) (holding "there is no question that a petition for writ of certiorari" is a "pending . . . suit or process" under the federal claims statute), aff'd sub nom at 508 U.S. 200; and see also WesternGeco LLC v. ION Geophysical Corp., 2016 WL 2344347, at *8 (S.D. Tex. May 4, 2016) ("in common usage the word 'appeal' is often meant to include appeal to the Supreme Court through a petition for writ of certiorari… [t]hus, the word 'appeal' includes appeals to the Supreme Court on writ of certiorari"); see also *Certiorari*, Black's Law Dictionary (10th ed. 2014) ("writ of certiorari . . . is used today in the United States as a general vehicle of discretionary appeal").

4

> "[A] dismissal ripens into a strike for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expires, if he did not." Senator [v. Cates], 2012 WL 204679[3], at *2 [E.D. Cal. June 5, 2012)] (quoting Silva v. DiVittorio, 658 F.3d 1090, 1100 (9th Cir. 2011) (internal quotation marks omitted).

No. 1:17-cv-0605 LJO GSA (ECF No. 39 at 8). However, Senator and Silva did not address whether the dismissal of a petition for certiorari counts as a strike under § 1915(g). Rather, such cases addressed when the district court's dismissal of a case counts as a strike,[3] a question later resolved by Coleman v. Tollefson, 136 S. Ct. 1759 (2015).[4] Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). Thus, Senator and Silva are of no help.

Moreover, it is not so clear that the dismissal of a petition for writ of certiorari should be counted as a strike. Indeed, what Justice Marshal stated in his dissent was: "an indigent litigant *may be denied a disposition on the merits* of a petition for certiorari . . . following a determination that the filing 'is frivolous or malicious.'" In re Amendment to Rule 39, 500 U.S. at 14 (Marshall, dissenting) (emphasis added). Such statement suggests the dismissal was not a ruling on the merits. While plaintiff's act of filing his petition for writ of certiorari could be construed as an "appeal" from the denial by the Ninth Circuit, it is not clear that plaintiff was able to "bring an action" if he was denied in forma pauperis status and the petition was dismissed. See, e.g., Cosby v. Knowles, 145 F.3d 1345 (10th Cir. 1998) (dismissal based on denial of in forma pauperis status, not the merits, was not a strike even though merits were frivolous). Further, in the district court, where a litigant is denied leave to proceed in forma pauperis because he or she is struck out under § 1915(g), the litigant is granted a period of time in which to pay the filing fee

---

[3] "Prior to Coleman, the law in this circuit was that 'a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal,' i.e., '"the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not.""" Richey, 807 F.3d at 1209 n.6., quoting Silva, 658 F.3d at 1100. "Silva's holding does not survive Coleman." Richey, 807 F.3d at 1209 n.6.

[4] In Coleman, the Supreme Court held that inmates who file successive lawsuits are not entitled to proceed in forma pauperis, even if one of the § 1915(g) strike dismissals is pending appeal, but left open the question of whether an inmate may proceed in forma pauperis to appeal the district court's dismissal of his third complaint which constitutes a third strike under § 1915(g).

and proceed. Similarly, on appeal, litigants are provided an opportunity to pay the filing fee after they are denied leave to proceed in forma pauperis under 1915(g). See, e.g., Richey, 807 F.3d at 1208. Here, plaintiff was not granted such an opportunity by the Supreme Court.

In addition, if Congress intended pro se litigants to be struck out when bringing petitions for writ of certiorari in the United States Supreme Court, such language could have been included in the statute. Perhaps the term was omitted because the Supreme Court had already taken steps to ameliorate the burden of abusive filings by implementing Amendment 39.8 back in 1991. See Zatko, 502 U.S. 18. Because Amendment 39.8 enables the Court to simply deny in forma pauperis status and dismiss the petition, not formally addressing the merits of the petition, counting such filing as a strike seems doubly punitive, particularly where the prisoner is not given an opportunity to pay the filing fee and proceed.

Moreover, based on other court rulings, the nature of the underlying appeal should make a difference. Defendants did not seek to have the lower court decisions counted as strikes under § 1915(g) because defendants' motion to dismiss plaintiff's civil rights action was granted on the grounds that plaintiff had failed to first exhaust his administrative remedies. Bowell v. Smith, No. 2:12-cv-0603 JAM EFB P (E.D. Cal.); Bowell v. Smith, No. 13-16530 (9th Cir.) (ECF No. 28-1 at 148-56.) Such lack of exhaustion was not evident from the face of plaintiff's complaint, so the underlying decisions, both the district court's dismissal and the appeal, do not count as strikes under § 1915(g). See El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) ("Not all unsuccessful cases qualify as a strike under § 1915(g).") It is unclear whether an appeal to the Supreme Court from the affirmation of such a dismissal should qualify as a strike, particularly where it will count as plaintiff's third strike under § 1915(g).

Nevertheless, § 1915(g) includes appeals brought "in a court of the United States," id., which includes the United States Supreme Court. "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v.

6

Price, 531 F.3d 1146, 1153 (9th Cir. 2008); Richey, 807 F.3d at 1208.  The Ninth Circuit has instructed that when district courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" El-Shaddai, 833 F.3d at 1042 (quoting Blakely v. Wards, 738 F.3d 607, 615 (4th Cir. 2013)).  Because the Supreme Court's reference to its Rule 39.8 "rings" the frivolous or malicious "bells," the undersigned is constrained to recommend that the dismissal of plaintiff's petition for writ of certiorari constitutes a strike under § 1915(g).  See, e.g., Wilkins v. Gonzales, No. 2:16-cv-0347 KJM KJN, 2018 WL 692256, *1 (E.D. Cal. Feb. 1, 2018) (where motion panel determined appeal frivolous, "Richey requires that the two appeals be considered strikes").

Thus, unless plaintiff can demonstrate he was facing imminent danger of serious physical injury at the time he filed his complaint, plaintiff's in forma pauperis status should be revoked.

### C. Imminent Danger?

In his opposition, plaintiff argues that his "R" suffix constitutes imminent danger, and states there was a riot on February 15, 2019, where ten prisoners were stabbed and taken to outside hospitals for treatment.  (ECF No. 32 at 1.)  Defendants argue that plaintiff's "R" suffix bears no relation to the allegations in this case, but that in any event, plaintiff fails to establish how it poses a danger and why he failed to include such allegations in his complaint.  (ECF No. 33 at 2.)

Further, plaintiff argues that his skin cancer diagnosis poses an imminent danger.  (ECF No. 32 at 2-3.)  Defendants counter that plaintiff must demonstrate that "the alleged danger is ongoing such that 'judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime,'" quoting Abdul-Akbar v. AlcKelvie, 239 F.3d 307, 315, 319 (3d Cir.), cert. denied, 533 U.S. 953 (2001).  (ECF No. 32 at 2.)  Defendants argue that plaintiff does not allege that he is being denied necessary medical care for his medical condition, or that he is facing imminent harm due to such medical condition.  Rather, defendants note that plaintiff's allegations "center around the administration of a TB test against plaintiff's wishes."

////

(ECF No. 32 at 2.) Although plaintiff suffers from cancer, defendants contend plaintiff failed to establish that he faces immediate danger sufficient to meet 28 U.S.C. § 1915(g).

### 1. Legal Standards - "Imminent Danger"

Because plaintiff has sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d at 1053 (emphasis added). Section 1915(g) "contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action." Abdul-Akbar, 239 F.3d at 313. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. "Imminent" means "about to occur at any moment or [ ] impending." Id. at 315; see also Oxford English Dictionary ("close at hand in its incidence; coming on shortly").

### 2. Discussion

Plaintiff's original complaint does not address the issue of plaintiff's "R" suffix, and his opposition to the motion does not explain how such classification posed an imminent danger of serious physical injury at the time he filed this action on May 1, 2017. The fact that a riot occurred on February 15, 2019, fails to demonstrate plaintiff was at imminent risk in 2017.

In his original complaint, plaintiff claims that since August 8, 1991, he has been forced to receive annual TB skin tests, injecting under his skin Aplisol and Tubersol, which plaintiff alleges are cancer-causing substances, and allegedly caused his skin cancer. Plaintiff claims that Deputy Director Lewis personally refused to exempt plaintiff from the annual TB testing on March 22, 2016, and April 29, 2016. Plaintiff claims such forced testing, despite having no TB symptoms, gave him skin cancer. (ECF No. 1 at 4.) Although plaintiff believes the skin testing caused his

////

////

////

basal cell cancer, his primary care physician found that "the purified protein derivative and [plaintiff's] skin cancer diagnosis are unrelated." (ECF Nos. 1 at 8; 16 at 16.)[5]

In any event, plaintiff concedes that he has received numerous dermatology consults as well as Mohs surgery to remove basal cancer cells. (ECF Nos. 1 at 4, 6, 10, 25-26; 16 at 3, 5-6, 35-36, 37, 42-43, 45, 55-56.) Plaintiff's claims arise out of discrete events, and hinge on plaintiff's belief that the forced TB skin tests caused his skin cancer, which he has had since at least 2015, and may have had since December 17, 2014 (ECF No. 16 at 10). But plaintiff fails to demonstrate how his skin cancer, which he concedes he receives treatment for, posed an imminent danger of physical injury on May 1, 2017, when he filed this action.

Further, plaintiff's reliance on Andrews v. Cervantes, 493 F.3d at 1047, is unavailing because the prisoner in Cervantes was facing contagious diseases by his cell assignment with inmates suffering from such contagious diseases as HIV and Hepatitis C. Plaintiff identifies no such contagious disease. Plaintiff's claim that he is at risk of getting cancer from the annual TB skin test is more attenuated than the risk of HIV or Hepatitis C identified in Cervantes; moreover, unlike the prisoner in Cervantes, who was at risk of getting such diseases, plaintiff had skin cancer for at least two years prior to bringing this action, and has been receiving treatment. Similarly, plaintiff's case is distinguishable from Bradford v. Marchak, 667 F. App'x 616 (9th Cir. 2016). In Bradford, the prisoner alleged that he was suffering "chest pain, dizziness, blurred vision and headaches from ongoing involuntary psychotropic medication." Id. at 617.[6] Untreated chest pain poses an imminent risk, whereas skin cancer, treated successfully for over two years, does not pose such an "imminent" risk.

////

---

[5] Plaintiff provided copies of the labeling and packaging inserts for Aplisol and Tubersol, and under the subheading "Carcinogenesis, Mutagenesis, Impairment of Fertility," both state that "[n]o long term studies have been conducted in animals or humans to evaluate carcinogenic or mutagenic potential or effects on fertility with Aplisol," and "Tubersol has not been evaluated for its carcinogenic or mutagenic potentials or impairment of fertility." (ECF No. 16 at 26, 33.)

[6] In his underlying complaint, Bradford alleged that despite his continuous complaints, the named defendants took no action, explaining that "all psychotropic medication [has] side effects." Bradford v. Marchak, No. 1:14-cv-1689 LJO BAM (E.D. Cal.) (ECF No. 1 at 5.)

Accordingly, the undersigned finds that plaintiff has failed to plausibly allege an imminent threat of physical injury that was present when he filed this action in May of 2017.

IV. Sur-reply

Defendants request that plaintiff's sur-reply regarding the motion be stricken. The local rules of the court do not provide for the filing of sur-replies regarding motions. See Local Rule 230(1). When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence. El Pollo Loco v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003).

Defendants' reply addressed the arguments contained in and the evidence accompanying plaintiff's opposition; it raised no new theories. Plaintiff did not seek leave to file a sur-reply. Therefore, defendants' motion to strike the sur-reply is granted, and the sur-reply has not been considered.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (ECF No. 35) is granted; and

2. The Clerk of the Court is directed to strike plaintiff's unauthorized sur-reply (ECF No. 34); and

IT IS RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 28) be granted;

2. Plaintiff's in forma pauperis status (ECF No. 7) be revoked; and

3. Plaintiff be ordered to pay the $400.00 filing fee within twenty-one days from the date the district court adopts the instant findings and recommendations. Failure to timely pay the filing fee will result in the dismissal of this action;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 1, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bowe0981.mtd.1915(g)