UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | No. 2:17-cv-0981 KJM KJN P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 1, 2019, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations and defendants have filed a reply.

This matter is before the court on defendants' motion to revoke plaintiff's in forma pauperis status in accordance with 28 U.S.C. § 1915(g). Resolution of the motion turns on whether the United States Supreme Court's November 10, 2014 order in *Bowell v. Smith*, No. 14-6326 (S.Ct.), denying plaintiff's motion for leave to proceed in forma pauperis and dismissing his

1

petition for writ of certiorari with a citation to United States Supreme Court Rule 39.8 (hereafter Rule 39.8), is a strike under 28 U.S.C. § 1915(g). *See* ECF No. 38 at 3. As noted by the magistrate judge, defendants cite no decision of the United States Supreme Court in which that Court has identified dismissal of a petition for writ of certiorari as a § 1915(g) strike.

This court has reviewed numerous orders of the United States Supreme Court denying motions to proceed in forma pauperis and dismissing petitions for writ of certioriari with citation to Rule 39.8. This review, while not exhaustive, has uncovered no order in which the Court relies on, or cites to, 28 U.S.C. § 1915(g). It has, however, revealed that since the April 26, 1996 effective date of 28 U.S.C. § 1915(g), the Court has continued to rely on *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992) (per curiam) to bar future filings from litigants who have "abused" the Court's processes through this year, and has apparently not used the provisions of 28 U.S.C. § 1915(g) to limit filings in that Court. For example, in *Judd v. U.S. Dist. Court for Western Dist. Of Texas*, 528 U.S. 5 (1999), the Court relied on *Martin* to bar prospective filings in noncriminal cases from Judd, a pro se litigant who had a total of 12 frivolous filings in the Supreme Court. It appears that Judd was a federal prisoner at all times relevant to the Supreme Court's 1999 decision. *See*, *e.g.*, *Judd v. United States District Court*, 180 F.3d 262, 1999 WL 274610 (5th Cir. 1999)[1]; *Judd v. Obama*, 2013 WL 1873089 (C.D.Cal. 2013).

The foregoing raises the following question: Why should this court treat an order of the United States Supreme Court based on Rule 39.8 as a § 1915(g) strike if the United States Supreme Court does not? Good cause appearing, the parties will be granted a period of thirty days in which to file supplemental briefs addressing this question.

IT IS SO ORDERED.

DATED: July 23, 2019.

UNITED STATES DISTRICT JUDGE

---

[1] In accordance with Fifth Circuit Rule 47.5.4, this unpublished opinion is cited solely to establish that Judd was a prisoner in 1999.