UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0981 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis. This action proceeds on his amended civil rights complaint under 42 U.S.C. § 1983. In screening plaintiff's amended pleading, the undersigned found that plaintiff stated cognizable civil rights claims against defendants Kathleen Allison, Director of the Division of Adult Institutions, and J. Lewis, Deputy Director, in charge of Policy & Risk Management Services for the California Correctional Health Care Services, based on plaintiff's allegations that such defendants subjected plaintiff to involuntary TB testing. (ECF No. 17.) Further, the undersigned found that plaintiff's new and unrelated claims that in early 2015, Dr. Fitter and Physician's Assistant ("PA") Ha committed medical malpractice in violation of state law by misdiagnosing basal skin cancer, should be dismissed without prejudice. (ECF No. 17.) Plaintiff was provided an opportunity to voluntarily dismiss such unrelated claims, and cautioned that failure to do so would result in a recommendation that such claims be dismissed.

1

Plaintiff returned his notice of submission of documents form, declining to voluntarily dismiss such claims, but added that he would have a lawyer review such claims upon plaintiff's release. (ECF No. 21 at 1.)

Under Federal Rule of Civil Procedure 20(a), individuals may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action. Id.; see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, . . . .

George, 507 F.3d at 607; see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirmed dismissal under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Here, plaintiff's allegations that Dr. Fitter and PA Ha misdiagnosed plaintiff's skin cancer are unrelated to plaintiff's claims that defendants Allison and Lewis wrongfully forced plaintiff to undergo TB testing because such claims do not arise from the same transaction, occurrence, or series of transactions and occurrences. Such claims involve different defendants, as well as different questions of law and fact. Because plaintiff's state law claims are unrelated to plaintiff's federal claim involving involuntary TB testing, defendants Dr. Fitter and PA Ha and plaintiff's putative state law claims against such defendants should be dismissed without prejudice.

////

Accordingly, IT IS HEREBY RECOMMENDED that defendants Dr. Fitter and PA Ha and plaintiff's putative state law claims against such defendants should be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 23, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bowe0981.57