UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL, | No. 2:17-cv-0981 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, ET AL, | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. On October 4, 2019, defendants filed a motion to dismiss. On October 11, 2019, plaintiff filed a document styled, "Plaintiff's Opposition to DAG's 10/4/19 Motion to Dismiss First Amendment Complaint and Motion for 120 Day Extension Pending Plaintiff's Release From Custody." (ECF No. 57.) A week later, plaintiff filed a document styled, "In Support of Plaintiff's Opposition 10/7/19 Points and Authorities. . . ." (ECF No. 58.) In this filing, plaintiff appears to oppose defendants' motion, but also renews his request for a 120-day extension of time pending plaintiff's release from prison to hire a law firm to prosecute plaintiff's case. (ECF No. 58 at 2.) On October 25, 2019, plaintiff filed a third document styled, "Plaintiff's Supplemental Authority Defendants Are Not Entitled to Qualified Immunity Because of Their Constitutional Violations." (ECF No. 60.) While plaintiff again opposes defendants' request for qualified immunity, he also renews his request for a 120-

day extension of time to hire a law firm.  Plaintiff claims that the Central District of California should grant his release forthwith in connection with his petition for writ of habeas corpus filed in Case No. 2:19-cv-07357 TJH MAA.  (ECF No. 60 at 2.)

On October 22, 2019, defendants filed a reply to plaintiff's opposition in which they also opposed plaintiff's request for extension of time.  (ECF No. 59.)

Plaintiff is advised that the court's Local Rules contemplate the filing of a motion, an opposition, and a reply.  L.R. 230(l).  Plaintiff may not file several documents in partial opposition to the pending motion to dismiss, and then also claim that he needs an additional 120-days in which to oppose the motion.  In addition, plaintiff's claim that he should be released from custody "forthwith" is speculative.[1]

Plaintiff also argues that because this court found he stated a cognizable claim against Allison and Lewis, this case "will proceed on the merits."  (ECF No. 60 at 2.)  Plaintiff misconstrues the nature of the preliminary screening called for by 28 U.S.C. § 1915A.  On screening, a court's determination that a complaint may state cognizable claims does not preclude a defendant from subsequently bringing a motion to dismiss one or more of those claims under Federal Rule of Civil Procedure 12(b)(6).  See Norsworthy v. Beard, 87 F.Supp.3d 1104, 1111 n.4  (N.D. Cal. Mar. 31, 2015) ("The issuance of a screening order under the Prison Litigation Reform Act finding that [plaintiff] has stated a cognizable claim does not foreclose Defendants from moving to dismiss the complaint."); James v. Perez, 2012 WL 5387676 (E.D. Cal. Nov. 1, 2012) ("To adopt [plaintiff]'s position [and hold that screening under 28 U.S.C. § 1915A precludes defendants from subsequently filing a Rule 12(b)(6) motion] would deprive [d]efendants of the basic procedural right to challenge the sufficiency of the pleadings.").  It is for this reason that the undersigned found in the screening order that "[t]he amended complaint states a *potentially* cognizable claim for relief against defendants Allison and Lewis pursuant to 42

---

[1] On October 14, 2019, the state filed a motion to dismiss plaintiff's habeas petition for lack of jurisdiction, claiming that the petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(2) and is unauthorized.  Bowell v. Connie Gipson, No. 2:19-cv-7357 TJH MAA (C.D. Cal.) (ECF No. 16).  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

U.S.C. § 1983 and 28 U.S.C. § 1915A(b)." (ECF No. 17 at 4 (emphasis added).) Plaintiff cannot rely solely on the court's screening as a basis for overcoming a Rule 12(b)(6) motion.

Therefore, the undersigned finds that plaintiff fails to demonstrate good cause for a 120-day extension of time in which to oppose defendants' motion to dismiss. Because plaintiff has filed multiple documents in opposition to the motion in which he also requested an extension of time, the court will disregard his prior substantive oppositions to the motion, and grant plaintiff an additional thirty days in which to file <u>one</u> opposition to the motion. No further extensions of time will be granted. Plaintiff should address the substance of defendants' motion to dismiss and must include all of his arguments in one opposition. Once plaintiff files his opposition, defendants will have seven days in which to file their reply.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for extensions of time (ECF Nos. 57, 58 and 60) are partially granted; and

2. Plaintiff is granted thirty days from the date of this order in which to file one opposition to defendants' motion to dismiss. Defendants' reply, if any, shall be filed within seven days thereafter.

Dated: October 29, 2019

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bowe0981.36b

3