UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL, | No. 2:17-cv-0981 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's claims that defendants Lewis and Allison, both employed in Sacramento, violated plaintiff's constitutional rights based on forced TB skin tests. (See ECF No. 17 at 2.) On February 24, 2020, plaintiff filed a document entitled, "Motion Seeking an Emergency Order," subtitled "Prima Facie Showing Gross Negligent Medical Malpractice." (ECF No. 70.) Plaintiff recounts various doctors' statements and alleged negligent treatment from Lancaster State Prison, "Tri City San Diego," Bakersfield, and San Diego, California. (ECF No. 70 at 1-2.) Plaintiff asks the court to order prison doctors Pollard and Barenchi "to hire an outside new doctor not affiliated" with any of the doctors identified in plaintiff's motion "to defuse the medical malpractice complaint." (ECF No. 70 at 2.)

////

1

Plaintiff has previously been informed that medical malpractice and negligence are insufficient to state an Eighth Amendment violation. (ECF No. 7 at 3-5.) Moreover, none of the doctors identified in plaintiff's motion are named defendants in this action, and the alleged violations are not related to his underlying claim concerning forced TB tests at issue herein.[1] In addition, plaintiff is presently housed at RJ Donovan State Prison in San Diego, California. If plaintiff has issues with his medical care while housed at RJ Donovan, he must pursue his remedies in the appropriate court in San Diego. Plaintiff's motion is wholly unrelated to his claims in the instant action, and the undersigned has no personal jurisdiction over any of the doctors named in his motion. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

For all of the above reasons, plaintiff's motion is denied without prejudice to plaintiff raising such claims in the proper forum.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 70) is denied without prejudice.

Dated: March 3, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bowe0981.den

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. Also, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.