UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL, | No. 2:17-cv-0981 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's claims that defendants Lewis and Allison, both employed in Sacramento, violated plaintiff's constitutional rights based on forced TB skin tests. (See ECF No. 17 at 2.) While plaintiff's February 24, 2020 motion was pending, plaintiff filed a second motion for court order on March 5, 2020. His latest motion is styled, "Imminent Danger Exist [sic] Irreparable Harm." (ECF No. 73.) Plaintiff again recounts various medical doctors' alleged medical malpractice while plaintiff is incarcerated at RJ Donovan State Prison ("RJD") in San Diego, California, but now appears to claim that comprehensive deprivation of medical care may demonstrate deliberate indifference. It is unclear what relief plaintiff seeks.

Nevertheless, as the court previously explained, the medical doctors named in his instant filing are not named as defendants herein, and the medical treatment and alleged omissions took

1

place while plaintiff was housed at RJD in San Diego, and are wholly unrelated to the instant claims.[1] Because plaintiff is housed at RJD, plaintiff must pursue his remedies in the appropriate court in San Diego. (See also ECF No. 72.)

For the above reasons, as well as the court's reasons set forth in its prior order (ECF No. 72), plaintiff's motion is denied without prejudice to plaintiff raising such claims in the proper forum. Plaintiff is advised to refrain from filing allegations concerning medical care at RJD in this action because this court has no jurisdiction over such claims. (Id.) At the present time, no further filing by plaintiff is due until the court rules on defendants' motion, which plaintiff has already opposed.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 73) is denied without prejudice.

Dated: March 10, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bowe0981.den2

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. Also, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.