UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL, | No. 2:17-cv-0981 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2020, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff filed objections to the findings and recommendations. Defendants did not file a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Plaintiff does not contest the Magistrate Judge's conclusion that the defendants violated no clearly established law. The court agrees with and adopts that conclusion. When, as is true here, officers "act[] in reliance on a duly-enacted

1

statute or ordinance," they are "ordinarily entitled to qualified immunity." *Tshida v. Motl*, 924 F.3d 1297, 1305 (9th Cir. 2019) (quoting *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994)). "[L]iability may attach only where (1) the statute 'authorizes official conduct which is patently violative of fundamental constitutional principles,' or (2) the official 'unlawfully enforces an ordinance in a particularly egregious manner, or in a manner which a reasonable officer would recognize exceeds the bounds of the ordinance.'" *Id.* (quoting *Grossman*, 33 F.3d at 1209–10). No allegations in the complaint could show that the tuberculosis testing requirements in question or the defendants' actions satisfy either of these requirements.

Plaintiff instead requests a stay pending his release from custody so that he can "have a law firm properly respond and draft [arguments on the] merits of [his] claim." Objections at 1, ECF No. 81. Four factors are generally relevant when evaluating a request for a stay: (1) whether the party requesting a stay has made a "strong showing" of likely success on the merits, (2) whether a stay will prevent irreparable injury; (3) whether a stay would "substantially injure the other parties," and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 428, 434 (2009). Plaintiff has not carried his burden to show that these factors favor a stay. He has not made a strong showing of likely success on the merits, it is unclear whether continued tuberculosis tests will cause him harm, and a stay would unnecessarily delay the resolution of this matter.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 30, 2020 are adopted in full;
2. Defendants' motion to dismiss (ECF No. 56) is granted; and
3. This action is dismissed without prejudice.

DATED: November 5, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

2